IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JOHN EDWARD HOLMES, TDCJ-CID No. 01933182, | § § § |
| Plaintiff, | § § |
| v. | §   2:19-CV-119-Z-BR |
| KEVIN P. PINNEY, | § § § |
| Defendant. | § § |

## MEMORANDUM OPINION AND ORDER DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brough under 42 U.S.C. § 1983, filed June 5, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 10. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff asserts he filed a Step 1 grievance in March 2019 and Defendant Pinney — the Warden of the TDCJ Neal Unit — failed to process the grievance. ECF No. 3 at 3–4. Plaintiff alleges he wrote directly to Defendant Pinney, who did not respond to his request to have the grievance processed. *Id.* at 4.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

Plaintiff's claims against Defendant Pinney regarding the inadequate grievance process are frivolous. A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff has not indicated the nature of the underlying issue resulting in his filing of a Step 1 grievance. Nevertheless, Plaintiff's assertion that his grievance was not returned does not state a constitutional deprivation. The Court thus **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

**SO ORDERED.**

June 21, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3